IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LANA JONES, Individually and As Next Friend of L A, Minor; CIERA HOPKINS; CESTA AYERS, As Next Friend of T A, Minor; and CHANDRIKIAH JONES, As Next Friend of M J, Minor, | § § § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | CASE NO. 2:12-cv-38-JRG |
| TOTAL TRANSPORTATION OF MISSISSIPPI, LLC and JAMES TRIPLETT, | | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

**I.    INTRODUCTION**

Pending before the Court is Defendants Total Transportation of Mississippi, LLC and James Triplett's (collectively, "Defendants") motion to transfer venue. (Dkt. No. 6.) Defendants contend that the Northern District of Texas (NDTX) is a more convenient forum than the Eastern District of Texas (EDTX) and seek to transfer venue to the NDTX pursuant to 28 U.S.C. § 1404(a). In the alternative, Defendants seek to transfer venue from the Marshall Division of EDTX to the Texarkana Division of EDTX. The Court, having considered this venue motion and the related briefing, **DENIES** the Defendants' motion to transfer venue and finds that the balance of the "private" and "public" convenience factors demonstrate that the transferee venue is not "clearly more convenient" than the current venue. *See In re Nintendo Co.*, 589 F.3d 1194, 1197-98 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F. 3d 1388, 1342 (Fed. Cir. 2009); *In re TS Tech*

*USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc. (Volkswagen II)*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

## II. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a three vehicle collision that occurred on January 31, 2011 on Interstate 30 in Titus County, Texas. Plaintiffs allege they sustained injuries as a result of a motor vehicle accident and collision with a vehicle driven by Defendant James Triplett and owned by Defendant Total Transportation of Mississippi, LLC. Plaintiffs allege that the law enforcement officers that investigated the collision work and/or reside in EDTX, and the Plaintiffs were initially treated for their injuries in EDTX.

At the time this action was filed, Plaintiff Lana Jones, Minor Plaintiff L A, Plaintiff Ciera Hopkins, Minor Plaintiff T A and Minor Plaintiff M J (collectively, "Plaintiffs") were residents of Dallas County, Texas. Defendant Total Transportation of Mississippi, LLC is a limited liability company with its principal offices in Richland, Mississippi, and at the time of the incident, defendant James Triplett was employed by Total Transportation of Mississippi, LLC.

## III. LEGAL STANDARDS

Change of venue is governed by 28 U.S.C § 1404(a). Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." 28 U.S.C. § 1404(a). But a motion to transfer venue should only be granted upon a showing that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *Nintendo*, 589 F.3d at 1197; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315.

The initial question in applying the provisions of § 1404(a) is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG* (*Volkswagen I*), 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then the court must weigh the relative public and private factors of the current venue against the transferee venue. *Id.* In making such a convenience determination, the Court considers several "private" and "public" interest factors, none of which are given dispositive weight. *Id.* The "private" interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Nintendo*, 589 F.3d at 1198; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315. The "public" interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law." *Nintendo*, 589 F.3d at 1198; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315.

## IV. ANALYSIS

### A. Proper Venue

Plaintiffs do not dispute that this case could have been brought in the NDTX, so the initial threshold in this case has been met. An analysis of the public and private interests cited above must next be considered and weighed.

**B.    Private Interest Factors**

*i.    Relative Ease of Access to Sources of Proof*

Analysis of the private interest factors starts with a discussion of relative ease of access to sources of proof. In this case, many of the sources of proof related to the incident in question are located in or near Titus County, Texas. For example, the incident forming the basis of this lawsuit occurred in Titus County, the law enforcement officers that investigated the incident work and/or reside in Titus County, certain non-law enforcement fact witnesses are situated in Titus County, and the Plaintiffs were initially treated for their injuries in Titus County. Titus County is within EDTX and is located less than 75 miles from the Federal Courthouse in Marshall. Movant argues that since the Plaintiffs are residents of Dallas, this weighs in favor of transfer. However, Plaintiffs obviously chose to file this action in EDTX when they would easily have filed it in NDTX. Weighing in favor of transfer is that the Plaintiff's treating physicians and medical records are located in Dallas. On balance, the Court finds that this factor weighs against transfer to NDTX due to the greater number of third-party witnesses and sources proof that are located in EDTX.

*ii.    Availability of Compulsory Process*

The second private interest factor is the availability of compulsory process to secure the attendance of witnesses. Defendants' contend that key third-party witnesses, such as Plaintiffs' treating physicians, cannot be compelled to testify in person at trial in EDTX and that this factor therefore favors transfer. The Court disagrees. The incident giving rise to this action occurred in Titus County, Texas (within EDTX) and more potential third-party witnesses subject to compulsory processes – including police officers and emergency physicians – are located within EDTX.  Accordingly, this factor weighs against transfer.

### iii. Cost of Attendance for Willing Witnesses

The third private interest factor is the cost of attendance for willing witnesses. Defendants assert the travel costs for all witnesses, treating physicians, experts, and employees of Defendants who work and/or reside in NDTX favors transfer, but Defendants fail to identify the names of any specific persons affected. In addition, several non-party witnesses, including the law enforcement officers that investigated the collision and the doctors who initially treated Plaintiffs after the incident, reside in and/or work in EDTX. As at least some witnesses will still have to travel to NDTX if the case is transferred, this factor is neutral.

### iv. Other Practical Problems

The last private interest factor is all other practical problems that make trial of a case easy, expeditious and inexpensive. Defendants point to a potential for delay to try this case more than 100 miles from the Plaintiffs' residence, the residence of the witnesses, the Plaintiffs' likely places of employment, and where medical records, medical bills and other documents are located. These points have already been addressed above. As Defendants provide no additional evidence of a specific nature supporting a potential of delay, such assertions are conclusory at best. The Court finds that this is not a significant factor and is neutral as regards transfer.

### D. Public Interest Factors

Defendants contend the only public interest factor supporting transfer is the local interest in having localized issues decided at home; the other public interest factors are neutral.

The Court must consider local interest in the litigation, because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206 (5th Cir. 2004). Here, the collision that is the basis of this lawsuit occurred on Interstate 30 in Titus County, which is located in EDTX. Many citizens

5

of EDTX travel along Interstate 30 on a regular basis and have an actual and substantial interest in the safety of such a major roadway within their community. So, this factor weighs against transfer to NDTX.

V. **CONCLUSION**

In conclusion, this is not a case where transfer to NDTX is clearly more convenient. Defendants seek, in the alternative, to transfer this case from the Marshall Division to the Texarkana Division of EDTX. This too is not clearly more convenient. Mt. Pleasant is both the county seat of Titus County and the location of the accident in question. Mt. Pleasant is located almost equidistant from the Federal Courthouses in Marshall and Texarkana (65.4 and 63.1 miles, respectively). The Court finds no justification for an inter-district transfer of this case to the Texarkana Division.

The Northern District of Texas is not a clearly more convenient forum than the Eastern District of Texas. Likewise, there is no material justification for an inter-district transfer as alternatively requested. For the reasons set forth above, Defendants' motion to transfer venue is **DENIED** in all respects.

**So ORDERED and SIGNED this 13th day of March, 2013.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE